GEORGE F. JACKSON, def't· b. *vs.* JOHN HEDGES, pl'ff. b.

In an action of assumpsit commenced before a justice of the peace against two persons jointly, but where only one was taken and judgment recovered against him alone, the court on appeal, sustained a declaration and verdict against him, without noticing the person originally named as a co-defendant.

APPEAL from the judgment of a justice of the peace in an action of assumpsit. Narr. Pleas. Trial and verdict for plaintiff below. Motion in arrest of judgment.

The case came into this court on an appeal from the judgment of of Justice M'Caulley. The action below was by John Hedges against George F. Jackson, *and John S. Dickenson.* The constable returned "non est" as to John S. Dickenson. Jackson appeared and went to trial, and there was judgment against him for $21. On the appeal the declaration was against Jackson alone; and for this error Mr. Wales moved to arrest the judgment.

*Wales.*—The appellate court acts only on the case as it was below between the same parties, and for the same cause of action. No new cause of action can be presented; no new parties can be added and no parties omitted; otherwise, it is not the same case on appeal as on the original trial. This would give the appellate court original jurisdiction. (1 *Binn. Rep.* 219, *Moore* vs. *Wait;* 3 *Ibid* 45, *Owen* vs. *Shelhamer.*) The cause of action, as it existed at the commencement of the suit before the magistrate, cannot be varied afterwards. Here the cause of action was a joint claim against Jackson and Dickenson; and the claim presented in this court is against Jackson alone.

*Whitely.*—The action below was docketted Hedges *vs.* Jackson though the summons was against Jackson and Dickenson, Dickenson not being summoned. The judgment was against Jackson alone, and the appeal was taken by the defendant, Jackson himself, in a case of Hedges *vs.* Jackson. But if this be really an objection to the

form of action here, it must be objected to before pleading to issue, and the defendant cannot now object that there is another party who ought to have been sued. (1 *Chitt. Plead.* 29 ; 1 *Saund. Rep.* 154, *a. n. a.* 291, *a.*) On appeal the proceeding here has no reference to the pleading below; the transcript is no part of the case here, and it is wrong even to refer to the judgment below. The case stands here quasi a new suit. "The case shall be proceeded in by the same pleadings, and in the same manner as on an original case commenced in this court." So says the act of assembly. (*Dig.* 144.) Yet, in a case so originally commenced here, this objection of non joinder of a party defendant, could not be made after issue joined.

*Wales*, in reply.—The transcript is a necessary part of the proceedings on appeal; it must be filed in the cause. The case cannot exist here without it. It is necessary to give this court jurisdiction. It must follow the record below, and must be followed in the pleadings here. (*Dig.* 343.) Neither is this a question of pleading. Being an appeal, if the defect appear on any part of the record, it will be fatal without plea. So decided in the cases cited from Binney. The rule as cited from Chitty and Saunders, applies to cases where the non joinder of parties does not appear by the record ; there the defendant must plead it in due time; but if it appear by the record, it need not be pleaded.

*By the Court.*—The judgment rendered by Justice M'Caulley, was a judgment against George F. Jackson alone. He could render no other judgment; for though the summons embraced another defendant he was not taken, could not have been declared against, and any judgment against him, even in connection with Jackson, would have been erroneous. He appealed from that judgment, and brought the case into this court. How was the plaintiff to declare here ? If he had declared against Dickenson, as well as Jackson, it would have been error ; for Dickenson is no party to the judgment below, or in the proceedings here. It would have been fatal even on demurrer, or in arrest of judgment ; for the record would have shown proceedings and verdict against a party who was never in court. Again, if the plaintiff could have declared against Dickenson here, and obtained a judgment against him, it would have been an original judgment as against him; and not a judgment on appeal. There was no course but to declare against the party who was in court by the appeal ; against whom judgment had been rendered in the court below, and that party is Jackson.

It is stated in the case cited from 1 Binney's Reports, that the

transcript which accompanies the appeal, is in place of a writ; and the foundation of all the proceedings in this court: and our act of assembly directs that the proceedings here upon such appeal, shall be proceeded in by declaration, pleadings and trial, in the same way as in cases originally commenced in this court.  Now if the transcript stands for the writ, and shows but one defendant taken, the declara.ration must be, as it would be in any other case showing the same state of facts namely, against the party taken, who is in fact the party against whom judgment below was rendered.  If then the appeal must follow the judgment, or the pleading here must be conducted as if the case was originally commenced here, George F. Jackson was the only defendant, either in this court or the court below, against whom a declaration could have been filed, or a judgment obtained.

Judge Layton, dissented.

LAYTON, *Justice:*—The difficulty I have in this case exists, probably, more in the nature of a *doubt,* than of a well settled opinion as to the merits of the motion.  But so far as I have been able to examine this case, I am unable to agree with my brethren in opinion.

The proceedings before the justice of the peace by Hedges, were against two, Jackson and Dickenson.  There was a return of "non est" as to Dickenson; and after hearing, judgment was rendered against Jackson alone.  It is true the appeal was by Jackson alone, but the transcript sent up by the magistrate, shows this to have been a joint demand upon, and a joint indebtedness by Jackson and Dickenson.  The transcript from the justice, is made a part of the proceedings in this court.  It gives *color* to, though it is not the *foundation* of the proceedings here.  The demand itself, the indebtedness of the defendants, whether by bond, note, or book account, is the foundation of the plaintiff's declaration.  It occurs to me, that the summons should have been against both Jack-and Dickenson, as in other cases of original proceedings in this court, against joint debtors, and a return of "non est" against one, would have justified the declaration and judgment against the other.  But the plaintiff here files his declaration against Jackson, yet exhibits both in the transcript from the justice, and also by his books of account, a joint demand against Jackson *and Dickenson.*   There is a variance between the plaintiff's declaration, and the proof he adduces in this court to sustain his declaration.  What is there in this declaration against Jackson alone, to connect the demand and declaration against him, with the demand against Jackson and Dick-

enson ? None that I can see. The plaintiff himself, in the record, as by his proof, has disclosed the fact of his having a joint demand against two, when he has declared against only one. It strikes me, that it is an objection which the defendant may take advantage of, on a motion in arrest of judgment : and such, I take to be the law as I can gather it from the authorities. In support of this view of the subject, I refer to 1 *Saund. Rep.* 291, *b.* [*note*;] 3 *Binn. Rep.* 45, *Owen* vs. *Shellhamer;* 1 *Binn. Rep.* 319, *Moore* vs *Wait.*

Judgment for plaintiff.

*Wales,* for plaintiff,
*Whitely,* for defendant.