MOORE *against* WAIT.

In Error.

WRIT of error to the Common Pleas of *Washington* coun-
ty. *Wait*, the defendant in error, was sued before a jus-
tice of the peace, who gave judgment against him for 88 dolls.
with interest from a certain day, making the whole amount 104
dolls. 26 cts. He *appealed* to the Common Pleas, and there
pleaded the general issue to the plaintiff's declaration, but said
nothing of the justice's want of jurisdiction. A verdict was
found for the plaintiff for 112 dolls. 64 cts., and upon a motion
in arrest of judgment, the court below was of opinion that as the
transcript which accompanied the appeal was in place of a writ,
and the foundation of all the proceedings in court, judgment
could not be rendered on the verdict, because the transcript
shewed that the justice had no jurisdiction, and all subsequent
proceedings were a nullity. The judgment was accordingly
arrested, and the plaintiff took his writ of error.

*Pittsburg,*
*Monday,*
September
14th.
If a justice
gives judg-
ment for a
certain sum
and interest,
in the whole
above his ju-
risdiction,
and the de-
fendant ap-
peals to the
Common
Pleas, al-
though he
there pleads
the general
issue and
goes to trial,
judgment
will be ar-
rested. The
proceedings
upon an appeal are not *de novo* in the Common Pleas.

1807.

MOORE
*v.*
WAIT.

*Campbell* for the plaintiff in error said that the justice had not exceeded his jurisdiction, because the liquidated sum was 88 dolls. and the judgment in fact for no more. But the ground on which he relied was, that as the defendant had pleaded to issue, he could not afterwards take advantage of the defect of jurisdiction in the justice; the time for pleading to the jurisdiction being before imparlance. In the case of a *certiorari* it was otherwise, but on appeal the proceedings were *de novo* in the Common Pleas.

*Addison* contra said that the interest was as much a part of the judgment as the principal; and that as the transcript was the foundation of all the proceedings in the Common Pleas, if at any time the court discovered the justice's want of jurisdiction, it was enough.

TILGHMAN C. J. The jurisdiction of the justice is founded on the act of Assembly; and having exceeded that jurisdiction, the judgment is erroneous. On the appeal every objection on the law or the merits was open to the appellant; and it appearing to the Common Pleas on the face of the record that the judgment of the justice was erroneous, it was their duty to arrest the judgment, although this matter was not pleaded.

YEATES J. and SMITH J. concurred.

BRACKENRIDGE J. concurred with great reluctance. He said his mind was not perfectly satisfied that it was not the defendant's duty to plead to the jurisdiction, either before the justice or in the Common Pleas.