OWEN *against* SHELHAMER.

IN ERROR.

1810.

Sunbury,
Thursday,
June 14.

BY the record of the Common Pleas of *Northumberland*, which was removed to this court by writ of error, it appeared that *Shelhamer*, the plaintiff below, commenced this action before a justice of the peace to recover a debt of *thir-teen pounds nine shillings*, for which sum, with six shillings and a penny costs, he obtained judgment. *Owen* appealed to the court of Common Pleas, where the plaintiff filed a declaration setting forth that he had committed to the defendant three militia certificates amounting in the whole to 22*l*. 3*s*. exclusive of interest, which the defendant had promised to receive and apply in a particular manner to the plaintiff's use; but that instead thereof he had *detained* the certificates, and *converted them to his own use*. The defendant suffered judgment to be signed for want of a plea, and upon a writ of inquiry, damages were assessed at *forty-six pounds one shilling and six pence*, for which sum and costs, final judgment was entered. He then moved to set aside this judgment upon the ground of its excess beyond the judgment of the justice, which was refused by the court.

The proceedings in the Common Pleas, upon an appeal from a justice of the peace, are *de novo* only as to the declaration, pleadings, and evidence; but the cause of action must continue the same. And if it appears from the record of the Common Pleas, that any distinct cause of action has been blended with that upon which the justice decided, their judgment will be errone-ous.

*Evans* for the plaintiff in error, said, that the judgment was plainly erroneous for two reasons; *first*, because the declaration shewed that the cause of action before the Common Pleas was not the same which had been before the justice; and the transcript of the justice being the only warrant for the proceedings in the Pleas, that court had no authority to give judgment upon the appeal for any other cause of action. *Secondly*, that if the cause of action were the same, the amount recovered in the Common Pleas shewed that the sum in controversy exceeded the magistrate's jurisdiction, he having jurisdiction at the commencement of the suit only to the amount of 20*l*. So that either way the judgment must be reversed.

1810.

OWEN
*v.*
SHELHAMER.

*Duncan* for the defendant in error, answered that the court would make every reasonable intendment to support the judgment, as there was manifestly a just debt. The cause of action he said was the same throughout, and the term *debt* in the suit before the magistrate did not imply the contrary. The plaintiff recovered 13*l.* 9*s.* before him, because at that time the defendant had received only the interest upon the certificates; but before the writ of inquiry was executed, he had also received the principal, and hence the difference in the sums recovered. But if a different cause of action was declared upon, it was of no importance, because the proceedings were *de novo* in the Common Pleas, and had no reference to any occurrence before the magistrate. The act of assembly by which these proceedings were regulated, by requiring an appearance or bail, a declaration and plea, and every other step which is taken in an original suit, shews that all is *de novo;* act of *March* 1, 1745, sec. 9. 1 *St. Laws* 304.; and there is no mischief in it, because the defendant has full notice of the demand to be investigated, and if nothing is due, there cannot be a verdict and judgment.

*Evans* in reply said it had been expressly decided in *Moore* v. *Wait* (*a*) that the proceedings were not *de novo* in the Common Pleas, but that in substance though not in form, it was the propriety of the magistrate's judgment which was in discussion throughout.

TILGHMAN C. J. after stating the case delivered his opinion as follows:

It appears on the whole of the record, that the plaintiff prosecuted a different cause of action in the Common Pleas, from that which was decided by the justice. This he could not lawfully do.

It has been argued for the plaintiff that the judgment may be supported, because in the Common Pleas the proceedings are *de novo*, and that court is not limited to any sum in point of jurisdiction. But this argument is founded on a fallacy. The proceedings are *de novo* to a certain intent only; that is to say, the declaration and pleadings are new, and the court will hear new evidence; but the cause of action is the same.

(*a*) 1 *Binn.* 219.

This is evident from the nature of things. The appeal is from the judgment of the justice, and the costs of suit before the justice await the event of the appeal. If a new cause of action is taken up in the Common Pleas, they do not proceed on the appeal, they do not decide the same cause which was decided by the justice, and the judgment of the justice may be reversed, when it was perfectly right. I mean, that it may be in effect reversed, although in point of form there is no reversal. This is so manifestly improper, that it requires no authority to shew its illegality. It happens however, that the principle has been decided by this court in the case of *Moore* v. *Wait*, reported in 1 *Binney* 219, and cited on the argument. There, judgment was arrested in the court of Common Pleas, because it appeared that the justice had given judgment for a sum beyond his jurisdiction; but if the matter had been taken up as a *new action* in the Common Pleas, it would have been immaterial for what sum the justice had given judgment.

I am of opinion therefore that the judgment of the Common Pleas was erroneous, and must be reversed.

YEATES J. The single question in the case is reduced to this, whether the judgment of the court of Common Pleas, grounded on matters whereof the justice of peace had no jurisdiction, can be supported upon an appeal from the decision of such justice. The justice's jurisdiction at the time of the judgment rendered by him, was limited to 20*l*. but the Common Pleas have rendered a judgment for 46*l*. 1*s*. 6*d*. The declaration states that the plaintiff below committed three militia certificates of different sums, but amounting together to 22*l*. exclusive of interest due thereon, to the defendant, and that the defendant engaged to receive it, and apply it to the use of the plaintiff, but that instead thereof he detained the certificates and converted them to his own use; so that he has blended special assumpsit, detinue, and trover in one count. It is said by the counsel of defendant in error, that the suit before the justice was for the interest money alone; but that it being afterwards discovered that both principal and interest had come to the hands of *Owen*, he had been pro-

*margin:* 1810. OWEN v. SHELHAMER.

1810.

Owen
*v.*
Shelhamer.

cceded against for the whole amount in the Common Pleas. Can this then be legally done on an appeal?

It is a settled rule, that the cause of action must exist at the commencement of the suit, and cannot be varied by subsequent circumstances. If the time of payment on a note sued before a justice has not arrived, the premature institution of the action before him will not be cured by the note's falling due, before the declaration filed in the Common Pleas on an appeal. Or suppose a creditor has two notes of fifty dollars each, one of which only became due before the justice issued his precept, he cannot proceed for both notes in the Common Pleas, if the last day of payment should arrive before he declares on the appeal. In either case, he would change his ground of action, which must accrue before he brings his suit. It seems incongruous, that a man should recover 10*l.* before the justice, but when the defendant appeals, the plaintiff should protect himself on a ground of action interdicted to the justice, but cognisable in the Common Pleas. Here *Shelhamer* should have contented himself on the appeal with his cause of action before the justice, and if he had other causes of suit against *Owen*, he should have instituted a new action for recovery thereon. I entirely agree with the principle laid down in 1 *Binn.* 219, *Moore* v. *Waite*, that nothing can be recovered upon the appeal, which could not be recovered before the justice, except as to the intermediate interest. I may feel regret for the momentary defeat of a just claim; but I am bound to declare that the proceedings in the Common Pleas cannot be supported, and that the judgment must be reversed.

BRACKENRIDGE J. The demand before the justice is *debt,* thirteen pounds nine shillings. A justice of the peace cannot be expected to distinguish technically the cause of action, whether debt, case, or otherwise. It cannot therefore be inferred that the cause of action before the justice was debt, technically speaking; it may have been *assumpsit* in case of some kind. On appeal to the court of Common Pleas, the declaration here is *assumpsit* in case. The case set forth is interest to be drawn upon a certain certificate of 10*l.* 13*s.* 6*d.*; and two other certificates; one of 6*l.* 15*s.* 0*d.* another of 4*l.*

1810.

OWEN
*v.*
SHELHAMER.

14*s.* 6*d.* making 11*l.* 9*s.* 6*d.* with the interest on the first mentioned certificate, to what amount is not stated. It cannot be inferred from the accounts stated in this declaration that the cause of action was not the same with that before the justice; but rather that it was the same; *the defendant in his appeal to the court of Common Pleas not having alleged a departure, by demurrer to it.* The judgment being by default, there could not have been a motion in arrest of judgment. But, on the motion to set aside the judgment and proceedings, which appears to have been made, a different cause of action declared upon is not alleged as a ground of the motion; but that the judgment taken by the justice could inure only for the amount adjudged by the justice, to wit, thirteen pounds nine shillings.

Was it error in the court to overrule this motion, and to sanction the finding of a jury for a larger sum? *Non constat* from a larger sum being found, that the ground of demand was different from that before the justice. For it may be said, that had the plaintiff alleged his whole demand before the justice, and had judgment been rendered accordingly, the amount might have been the same; as before the justice the plaintiff may have *contracted* his demand, so as to bring it within the jurisdiction of the justice, to avoid delay, or for other reasons.

But setting aside the alleged error of a different cause of action, which does not seem to me to appear, is judgment for a greater sum, error? In the court to which the appeal is made, the whole demand may have been gone for, which as to part had been waived before the justice. A larger sum may go to shew a different cause of action, but can have no other effect. Yet it does not prove the cause of action different. For a declaration on a penal bond in a sum exceeding the jurisdiction of the justice would set forth the penalty, not the sum reduced by a set off, which brought it within the jurisdiction of the justice. Judgment on the appeal may be for a greater sum than before the justice, comprehending the interest that has accrued in the mean time; and I do not see why a larger sum than this, found by a jury and judgment upon it, should be error. I have never been satisfied with what is said to be a principle; but does not seem founded on good reason, that damages cannot be recovered beyond the sum laid in the declaration. It seems strange to me that the sum laid should be con-

1810.

OWEN
v.
SHELHAMER.

strued material, so that what is proved, if it be more, may not be recovered. The jury look only at the cause of action and the evidence, and not at the quantum of damages alleged; and why should the court look at this in giving judgment? I may say the same here. Of what importance is it, what was recovered before the justice? If more damages were proved on the appeal than were recovered before the justice, it is a proof that more was due than had been originally demanded, and nothing else.

Judgment reversed.