JOHN R. DEIHM v. JASPER SNELL.

ERROR TO THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 16, 1888—Decided March 19, 1888.

1. While, for the work of the trial, such as the formation of the proper issue, the production of the testimony and the decision of the questions involved, a trial in the Common Pleas after an appeal from a justice of the peace is de novo, it is nevertheless a trial of the same case and the cause of action remains the same.

2. If the justice did not have jurisdiction of the plaintiff's cause of action, or of a contract or demand sought to be used as a set-off by the defendant, the Court of Common Pleas will not have jurisdiction on appeal, and the want of it may be raised as an objection at any time.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

. No. 232 January Term 1887, Sup. Ct.; court below, No. 204 March Term 1884, C. P.

On February 13, 1884, there was filed by the defendant an appeal from the judgment of a justice of the peace in favor of John R. Deihm against Jasper Snell, for $56.87, being the balance on a due bill given by the defendant to the plaintiff.

At the trial in the Court of Common Pleas on September 21, 1886, the case of the plaintiff having been closed, the defendant offered proofs under his plea of set-off, of the facts following :

That on April 9, 1875, a sealed agreement was executed between John R. Diehm and Jasper Snell which provided: " Whereas the said Jasper Snell has this day granted and conveyed unto the said John R. Deihm a part of lot of ground situate in the borough of Pottsville, fronting on Railroad street, as described in the deed of conveyance, for the sum of twelve hundred and fifty dollars. And there being a bond and mortgage due and remaining unpaid on said lot of ground, for the sum of nine hundred dollars and interest thereon, in favor of Doctor A. H. Halberstadt, the said John R. Deihm hereby assumes, covenants and agrees to pay the said bond and mortgage mentioned, in part payment of the consideration money named in the deed of conveyance to the holder of said bond and mortgage, as receipted for by the said Jasper Snell in the deed of conveyance, for the part of lot 80 by 16½ feet fronting on said railroad as described and conveyed to the said John R. Deihm subject to the lien of mortgage and bond of Halberstadt, by deed dated April 9, A. D. 1875."

That, of the $1,250 purchase money for the portion of the lot subject to the mortgage which was sold to Deihm, Snell received in cash $350; that on March 12, 1883, Deihm having failed to perform his covenants contained in the agreement, the mortgage covering the entire lot was foreclosed for $1,167.30,

the debt and interest due thereon, and on May 5, 1883, the lot was exposed to sheriff's· sale and sold to Snell for $2,000, of which sum $1,214.09 was paid to the sheriff in discharge of the debt, interest and costs, Snell himself receipting for the balance; that, by the failure of the plaintiff to pay the mortgage referred to, the defendant had lost the sum of $267.30, as of the date of the sheriff's sale on May 5, 1883, being the amount of interest then accrued and unpaid upon the mortgage.

The plaintiff objected to the offers proposing this evidence:

1. That, as the cause originated before a justice of the peace, the agreement was not competent evidence, because it involved a transaction in real estate not within the jurisdiction of a justice.

2. That, as this was an appeal by the defendant, the court was limited by the jurisdiction of the justice, and the set-off being over $300 was inadmissible.

The objections were overruled, the evidence admitted, and under the instructions of the court, the jury found a verdict in favor of the defendant for the sum of $254.83.

A motion for a new trial having been entertained and subsequently argued, on December 20, 1886 the court, BECHTEL, J., disposed of the same by the following opinion :

The defendant's claim of set-off arises out of a contract concerning the sale of real estate, and the plaintiff claims that the justice has no jurisdiction of the claim, and as a consequence it could not be offered in evidence in the Common Pleas. Snell sold Deihm a half lot for $1,250, and received $350, and for the balance Deihm assumed the payment of a mortgage of $900, which mortgage covered the property Deihm bought and the remaining half lot of Snell.  Deihm received a deed and entered into possession of the lot, and continued in possession for some years, when it was sold by the owner of the mortgage together with the other half of the lot, owned by Snell.

Deihm received everything that Snell sold him or agreed to sell him, and consequently never disputed his liability to pay the mortgage, but upon the contrary paid a portion of the interest due thereon.  The 1st section of the·act of March 20, 1810, 5 Sm. L. 161, is in this language:  " The justices of the peace of the several counties of the commonwealth shall have

jurisdiction of all causes of action arising from contract, either express or implied, in all cases where the sum demanded is not above one hundred dollars ; except in cases of real contracts, where the title to lands or tenements may come in question, or action upon promise of marriage." Our attention has been directed to numerous authorities, in which this section has been considered. These decisions show that the exception to this section excludes from the jurisdiction of justices, every suit on a contract concerning or in any way connected with realty, whether it be to enforce payment of purchase money, or to recover back what has been paid by the vendee after rescission of the agreement, or though it be on a note given in consideration of an easement: Lauchner v. Rex, 20 Pa. 468. Whether or not Snell's claim of set-off comes within the exception of this section of the act of 1810, or any of the decisions under it, does not seem entirely clear, for Snell had conveyed to Deihm the property he sold to him, and receipted for all the purchase money, and actually received all over the amount of the mortgage. The mortgage was a lien on the lot and Deihm's purchase was subject to it, and Snell had no claim whatever upon Deihm, until after he had been compelled to pay the mortgage, by reason of Deihm's default. Snell's claim exists only by virtue of Deihm's covenant under the agreement of April 9, 1875. The case in this respect is to some extent like that of Helfenstein v. Hurst, 15 Pa. 358. Helfenstein held a mortgage on the property of Hauss, and Hurst held a judgment of $200 after it ; Hauss' property was sold and bought by Hurst's administrator, and it was agreed that Helfenstein should have it at $1,500 and pay $100 on Hurst's judgment which was not reached by the fund ; Helfenstein was substituted as the purchaser at the sheriff's sale in place of Hurst. Hurst subsequently sued Helfenstein before a justice, and it was claimed that the justice had no jurisdiction under the act of 1810. Though this judgment was a lien on the real estate at the time of the sale and entered into the transaction by which Helfenstein was made the purchaser and acquired the title, yet the jurisdiction was sustained, and it was treated as a contract to buy and sell a judgment, without regard to title.

But if Snell's set-off be regarded as a claim arising out of a

real contract, does it follow, that he cannot avail himself of it in the Common Pleas, because it is excepted from the jurisdiction of the justices? This really is the important question in this case. What is it that determines whether or not a justice has jurisdiction under act of 1810? Surely the character of set-off that a defendant may present, cannot decide whether or not the justice may take jurisdiction. It is the plaintiff's demand that must be considered in determining this question, and it is his demand that is set forth upon the record of a justice to show the jurisdiction. In this case the justice had jurisdiction of the plaintiff's claim, and the appeal to this court brought up a proceeding in which the justice had jurisdiction both of the person and the subject matter. We may here remark that the claim of set-off exceeds in amount the jurisdiction of the justice, being beyond three hundred dollars. Hence if free from the other difficulty, it could not have been presented to the justice on this account, unless it had been divided. Dividing a defendant's set-off, and submitting a part thereof to defeat the plaintiff and then suing for the balance, not only tends to confusion, but to multiply actions and is not favored. That a plaintiff cannot relinquish a portion of his claim, and thereby confer jurisdiction upon the justice, has been repeatedly decided. But none of our cases hold that when the justice has jurisdiction of the plaintiff's demand, and the defendant's set-off is beyond his jurisdiction, that such set-off may not be offered in the Common Pleas. The very reverse was held in Boone v. Boone, 17 S. & R. 386. In that case the plaintiff brought suit before a justice and the defendant's set-off exceeded the jurisdiction of the justice. In the Common Pleas the defendant offered his set-off, and not only defeated the plaintiff, but in addition obtained a judgment against the plaintiff for $115. This case then determines two propositions, first that the defendant may offer a set-off in the Common Pleas that was beyond the jurisdiction of the justice; and second, that he may recover a judgment for an amount greater than that of which a justice could take jurisdiction under the act of 1810. If this may be done when the want of jurisdiction is due to the amount of defendant's set-off, why may it not be done when the set-off arises from a real contract? The Common Pleas is as competent to try the

question before a jury called in this case, as it would be, before a jury called in a suit in which this defendant had become the plaintiff. The plaintiff was accorded the same right in this trial that he would be entitled to, as the defendant in another action. Why should the court be required to try two issues when the same result can be produced by the trial of one, and without injury to either of the parties? We can discover nothing in the act of 1810, or our decisions, that makes this necessary.

When this case was called for trial, the plaintiff's counsel exhibited an assignment of the claim or any moneys that might be recovered, to Jonathan Wright, Esq. This assignment cannot affect the defendant's right of set-off, nor will the amount certified in favor of the defendant, affect the assignee. In Armstrong v. Lancaster City, 5 W. 68, C. J. GIBSON says, "The court will undoubtedly search out the actual plaintiff where it is necessary, and fix on him the responsibility of a party, by subjecting him to costs, a plea of set-off, or any other liability that may be necessary to protect the defendant;" see also Berks County v. Levan, 86 Pa. 362. We believe, therefore, that the defendant's certificate will be good as against the legal plaintiff only.

And now, December 20, 1886, for the reasons given, motion for a new trial is overruled and new trial refused.

Judgment having been entered upon the verdict, the plaintiff took this writ assigning as error the admission of the evidence establishing the defendant's set-off and the submission of the same to the consideration of the jury.

*Mr. J. Wright*, for the plaintiff in error:

The contract set up by the defendant was for the purchase of real estate. Under the acts of March 20, 1810, 5 Sm. L. 161, and May 29, 1879, P. L. 194, the justice of the peace had no jurisdiction of the right of the defendant under this contract, "where the title to lands may come in question;" consequently, the court could acquire none by appeal: Moore v. Wait, 1 Binn. 219; Borough of Little Meadows, 28 Pa. 256; Bergman v. Roberts, 61 Pa. 501; Sechrist v. Connellee, 3 P. & W. 388; Camp v. Walker, 5 W. 482; Goddard v. McKean, 6 W. 337; Helfenstein v. Hurst, 15 Pa. 360; Jacobs v. Haney,

Opinion of the Court.

18 Pa. 242; Lauchner v. Rex, 20 Pa. 468. Boone v. Boone, 17 S. & R. 380, is overruled beyond a doubt in Holden v. Wiggins, 3 P. & W. 472.

*Mr. Geo. M. Roads*, for the defendant in error:

1. The justice had jurisdiction of the set-off, because the title to land was not in any way involved in the controversy. As the contract for the sale of the land was fully executed in 1875 and deed delivered to the plaintiff, who immediately entered into possession, defendant's right of action existed only by reason of plaintiff's violation of the covenant referred to; and, as his covenant was to pay the mortgage to Halberstadt, the mortgagee, no question of title could arise as between plaintiff and Halberstadt.

2. But whether the set-off was admissible before the justice or not, on the trial of the appeal, the proceedings being de novo, the defendant's claim was properly admitted. There is no statutory provision that in appeal cases the jurisdiction of the Common Pleas must be limited to that of the justice of the peace. When an appeal is filed, it is thenceforth subject to the same rules as other actions: Millar v. Criswell, 3 Pa. 450. On an appeal, judgment may be had for more than the amount of the justice's jurisdiction: McKinley v. McCalla, 5 Binn. 600; McEntire v. McElduff, 1 S. & R. 20. In Tate v. Tate, 2 Gr. 150, a judgment was reversed for not admitting in evidence a set-off which had not been offered in evidence before the justice.

3. The question whether the jurisdiction of the Common Pleas is restricted on appeals to that of the justice before the suit was brought, was squarely decided in Boone v. Boone, 17 S. & R. 387, in which it was said: "To restrict the Court of Common Pleas to the jurisdiction of the justice would obviously frustrate the very intent and object of the appeal." The case of Holden v. Wiggins, 3 P. & W. 473, said to overrule Boone v. Boone, was decided upon provisions contained in § 4, of the act of March 20, 1810, 5 Sm. L. 170, long since repealed by the Act of March 28, 1820, 7 Sm. L. 310.

OPINION, MR. JUSTICE WILLIAMS:

The assignments of error raise a question of jurisdiction. The action originated before a justice of the peace and was

for the recovery of the balance due on a note given on the 21st August, 1878, for $83.90. The justice entered judgment against the defendant on the 28th January, 1884, for $56.87. The defendant appealed, and in the Common Pleas pleaded set-off. On the trial he gave in evidence, under objection, a contract between himself and Snell, bearing date on the 9th April, 1875, duly signed and sealed, which, after reciting that he had sold to Deihm a lot of land in Pottsville for the sum of $1,250, and that there was a mortgage upon it in favor of A. H. Halberstadt for $900 and interest, contained the covenant of Deihm to pay the said mortgage "in part payment of the purchase-money" of the said lot. He then gave evidence to show that the mortgage was not paid by Deihm, but was proceeded upon by the holder and the property bound by it brought to sale by the sheriff; that he became the purchaser of the mortgaged premises, which included the lot sold to Deihm and an adjoining one owned by himself, at an actual cost of $1,214. He claimed to recover the difference between this sum and the $900 which Deihm agreed to pay, together with the interest thereon. The court below held that after the appeal from the justice the trial was de novo, and therefore the limits which bounded the jurisdiction of the justice were left at the door of the Common Pleas, which was unfettered by them and could take cognizance as in an action originally brought therein. Accordingly the court admitted the alleged set-off, extinguished the plaintiff's claim with part of it, and rendered a judgment in favor of the defendant for $254.83.

It is true that for certain purposes a trial in the Common Pleas after an appeal from a justice is de novo, but it is nevertheless a trial of the same case. The mechanical work of the trial, such as the formation of the proper issue, the production of the testimony, and the decision of the questions involved, is de novo, but the cause of action remains the same. If the justice had no jurisdiction, an appeal from his judgment does not dispose of the objection, but it may be raised at any time in the Common Pleas. Neither the laches of the defendant nor his consent can give jurisdiction: Collins v. Collins, 37 Pa. 387. The contract set up by the defendant was one which provided for the payment of $900 of the purchase-

money upon a lot in Pottsville sold by Snell to Deihm. The damages which Snell claimed, and was allowed to recover, were more than $300. The learned judge before whom the case was tried seemed satisfied that a justice of the peace would have had no jurisdiction of an action brought upon the bond, both because of the amount claimed to be due, and because it was given for the purchase-money of land, the title to which might therefore come in question on the trial; but he asks, "If Snell's set-off be regarded as a claim arising out of a real contract, does it follow that he cannot avail himself of it in the Common Pleas because it is excepted from the jurisdiction of the justice?" He then proceeds to answer this question in the negative, holding that after an appeal the jurisdiction of the Common Pleas, and not that of the justice, is to be considered. This was clearly wrong. The statutes limiting and defining the jurisdiction of a justice are not left behind when a case comes into the Common Pleas by appeal, but are to be applied by the judge in the same manner as by the justice. If the justice had not jurisdiction of the cause of action or the contract or demand sought to be used as a set-off, the Common Pleas will not have it after an appeal. The forum is changed by the appeal, but the cause of action remains the same: Moore v. Wait, 1 Binn. 219; Owen v. Shelhamer, 3 Binn. 45; Collins v. Collins, supra; Bergman v. Roberts, 61 Pa. 497.

> Judgment reversed, and venire facias de novo awarded.