## Alschuler & Weisz, Appellants, *v.* Lipkin.

*Magistrates—Jurisdiction—Amount in controversy — Appeal — Set-off.*

Where a defendant appealed from the judgment of a magistrate entered in default of an appearance, and in answer to plaintiffs' claim in the municipal court set up a counterclaim in which he recovered in excess of $100, the judgment must be set aside for lack of jurisdiction.

The jurisdiction of the magistrate being limited to judgments not exceeding one hundred dollars, under article V, section 12 of the Constitution of Pennsylvania, the limitation of general jurisdiction necessarily fixed the jurisdiction with respect to set-off and counterclaim.

Where the counterclaim recovered could not have been entertained by the magistrate the municipal court was controlled by the same limitation. Defenses of set-off and counterclaim are affected by the general jurisdiction of the magistrate as to the amount of the claim.

Argued December 9, 1924. Appeal, No. 291, Oct. T., 1924, by plaintiffs, from judgment of the Municipal Court of Philadelphia, Dec. T., 1923, No. 1659, in favor of defendant in the case, tried by the court without a jury, in suit of Abraham Alschuler and B. Weisz, individually and copartners, trading as Alschuler & Weisz. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from judgment of magistrate. Before KNOWLES, J., without a jury.

The opinion of the Superior Court states the case.

The court found in favor of the defendant upon a counterclaim in the amount of $399.31 and judgment was entered thereon. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*George Wanger,* and with him *J. H. Marvis,* for appellant.

*W. H. Caldwell,* of *Roper & Caldwell,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff brought an action before a magistrate in the City of Philadelphia to recover the sum of $67.50 for merchandise. The defendant did not appear at the trial and judgment was entered for the amount of the claim. Subsequently an appeal was taken to the municipal court by the defendant from the pleadings in which court it appears that the defendant denied the existence of the contract on which the plaintiff relied, and as an additional defense set up a counterclaim for damages for the breach of an agreement made by the plaintiff to deliver to the defendant a quantity of emeralds at the price of $160 per carat; the amount of the counterclaim being $368.28 and interest. The case was tried before the presiding judge without a jury who after hearing the evidence found against the plaintiff and in favor of the defendant for $399.31. From that judgment the plaintiff took the pending appeal. An insurmountable obstacle prevents the affirmance of the judgment. The jurisdiction of the magistrate is limited to demands not exceeding $100, under art. V, sec. 12 of the Constitution, and this limitation of general jurisdiction necessarily fixed the jurisdiction with respect to set-off and counterclaim, unless we are to hold unreasonably that while the

plaintiff was limited with respect to the amount of his demand, no such limitation is imposed on the defendant with respect to his counterclaim or set-off. Such counter-demand is a claim by the defendant against the plaintiff. It is affirmative in its nature and its introduction in the case imposes on the defendant the burden of proof. It cannot be supposed that the legislature in fixing the jurisdiction of the magistrate intended to limit it as applied to the plaintiff and to extend it indefinitely with respect to the defendant. All of the cases hold that defenses of set-off and counterclaim are affected by the general jurisdiction of the magistrate as to the amount of the claim: Holden v. Wiggins, 3 Penrose & Watt's 469; Deihm v. Snell, 119 Pa. 316; Backer v. Remov, 69 Pa. Superior Ct. 139; Lyons v. Barnett, 79 Pa. Superior Ct. 352. The appeal from the judgment of the magistrate did not remove the case from the operation of the statute. While it is to be tried de novo after the appeal, this relates to procedure. The cause of action is the same and the court to which the appeal is taken has jurisdiction of the subject only because the magistrate had jurisdiction. It is not authorized in such a proceeding to try that which could not have been tried in the magistrate's court. It is clear that the counterclaim on which the appellee recovered could not have been entertained by the magistrate and that being the case the municipal court was controlled by the same limitation: Deihm v. Snell, supra; Katch v. Benton Coal Co., 19 Pa. Superior Ct. 476; Backer v. Remov, supra. It follows that the judgment was erroneously entered. It is therefore reversed.