## Pennsylvania Supply Company v. Silver.

*Nauman & Smith,* for plaintiff; *George L. Reed,* for defendant.

Fox, J., June 28, 1929.—We have before us a motion for judgment for want of a sufficient affidavit of defense.

The plaintiff's statement in substance avers that it is a Pennsylvania corporation and that the defendant is a resident of Steelton, Pennsylvania; that

the plaintiff, at the special instance and request of the defendant, by verbal contract, sold and delivered to the defendant certain goods, wares and merchandise of the character, in the quantity, on the dates and at the prices shown by Exhibit "A," attached to the statement and made a part thereof; that the defendant, by verbal contract, purchased and received from the plaintiff said goods, wares and merchandise; that all of the said sum as shown by Exhibit "A" is overdue, owing and unpaid, and that there are no credits, setoffs or defalcations applicable thereto; that the amount due and owing from the defendant to the plaintiff is the sum of $54.77, with interest from Aug. 22, 1928, and costs; that payment has been frequently demanded, but has always been refused in whole or in part.

The affidavit of defense filed admits the material allegations of the plaintiff's statement, but avers that the defendant is entitled to a set-off or credit to the amount of $35, and is willing and ready to pay the sum of $19.77; that the credit of $35 is made up of an item of a garage rent due the defendant from the plaintiff for the use of a garage by the plaintiff at the monthly rental of $5, in accordance with the terms of a verbal agreement entered into between the plaintiff and the defendant on or before April 1, 1927.

The motion for judgment for want of a sufficient affidavit of defense in substance sets forth that the defendant, at a hearing before the justice of the peace, refused or neglected to set off his demand of $35, and, therefore, is forever barred from recovery of said claim against the plaintiff under the provisions of the Act of March 20, 1810. Section 7 of which act, in part, provides: "A defendant who shall neglect or refuse in any case to set off his demand, whether founded upon bond, note, penal or single bill, writing obligatory, book-account or damages or assumption, against a plaintiff, which shall not exceed the sum of one hundred dollars, before a justice of the peace, shall be and is hereby forever barred from recovering against the party plaintiff, by any after-suit."

The case of Tate v. Tate, 2 Grant, 150, is one that has been frequently followed. It was a suit brought before a justice of the peace, and upon trial before the justice both plaintiff and defendant exhibited claims against the other, whereupon the justice entered judgment for the plaintiff for $10 and costs. An appeal was taken and at the trial in the Court of Common Pleas defendant offered to prove certain matters in the way of set-off; objection was raised to this proof because they were not exhibited and claimed at the trial before the justice. The objection was sustained. The Supreme Court, in a *per curiam*, reversed the court below and ordered a new trial, saying, amongst other things: "He is not restricted on appeal to the set-off relied on before the justice, else he would be barred of a claim never litigated, by a record in which there is no judgment. He is not barred, because of not including these set-offs in his bill or specification before the justice; for here the trial is *de novo*, and to exclude it here for want of specification is to bar it entirely, whereas, in ordinary cases he would merely be put to his separate action. Excluding set-offs for want of specification is not at all like the bar of the right that follows from not presenting them in the small suits before justices of the peace." See Cook v. Shirley, 4 W. N. C. 560; Kirk v. McComsey, 14 Dist. R. 580.

In the case of Lyons v. Barnett, 79 Pa. Superior Ct. 352, which was a trial in the Court of Common Pleas of an appeal from the judgment of a justice of the peace in an action arising from contract, the court below refused to allow the defendant to give any evidence of set-off amounting to $291.56 on the ground that section 7 of the Act of 1810, *supra*, limited the amount of set-

offs which could be presented before a justice of the peace to the sum of $100. The gist of this decision was that section 7 of the Act of 1810, *supra*, contained a prohibitory provision, to wit: "If any defendant shall have a demand which does not exceed the sum of one hundred dollars, founded upon bond, etc., against a plaintiff and shall neglect or refuse in any case to set off the same before a justice of the peace, he shall be and is hereby forever barred from recovering against the party plaintiff by any after-suit:" which was not enlarged by the Act of 1879 increasing the jurisdiction of the justice from $100 to $300, but that the penalty was unchanged and left as it is in section 7, *supra*, and that a defendant who has a set-off not exceeding $100 must offset and claim the same at the trial before the justice or suffer the penalty, which is, "and is hereby forever barred from recovery against the party plaintiff by any after-suit."

The question, therefore, arises, is an appeal from the judgment of a justice of the peace to the Court of Common Pleas an after-suit?

In the case of Deihm v. Snell, 119 Pa. 316, the Supreme Court, amongst other things, said: "It is true that for certain purposes a trial in the Common Pleas after an appeal from a justice is *de novo*, but it is, nevertheless, a trial of the same case. The mechanical work of the trial, such as the formation of the proper issue, the production of the testimony and the decision of the questions involved, is *de novo*, but the cause of action remains the same. If the justice had no jurisdiction, an appeal from his judgment does not dispose of the objection, but it may be raised at any time in the Common Pleas. The forum is changed by the appeal, but the cause of action remains the same: Moore v. Wait, 1 Binn. 219; Owen v. Shelhamer, 3 Binn. 45; Collins v. Collins, *supra;* Bergman v. Roberts, 61 Pa. 497."

In the case of Alschuler & Weisz v. Lipkin, 84 Pa. Superior Ct. 349, the court said: "The appeal from the judgment of the magistrate did not remove the case from the operation of the statute. While it is to be tried *de novo* after the appeal, this relates to procedure. The cause of action is the same, and the court to which the appeal is taken has jurisdiction of the subject only because the magistrate had jurisdiction. It is not authorized in such a proceeding to try that which could not have been tried in the magistrate's court. It is clear that the counter-claim on which the appellee recovered could not have been entertained by the magistrate, and that being the case, the Municipal Court was controlled by the same limitation: Deihm v. Snell, *supra;* Katch v. Benton Coal Co., 19 Pa. Superior Ct. 476; Backer v. Remov, *supra*."

The question has also been discussed in the case of J. B. Reed & Co. v. Linder, 75 Pitts. L. J. 545, in which it was likewise held that the phrase *"de novo,* as though originally instituted in the Act of March 27, 1913, P. L. 17, regulating the manner of taking appeals from a justice of the peace to the Allegheny County Court, relates to procedure only and not to substance, so that where the amount sued for as a counter-claim exceeds the jurisdiction of the magistrate, it cannot be heard on appeal in the County Court. Counterclaim of defendant stricken from the record."

In the light of these decisions, we think that an appeal to the Court of Common Pleas from the judgment of a justice is not an after-suit, but is another trial in a different tribunal of the same suit, and, therefore, the penalty provided in the 7th section of the Act of 1810, *supra*, is not applicable, and the defendant in the trial of the case, upon appeal in the Court of Common Pleas, may exhibit and claim a set-off in amount of the set-off, under the law, he could have exhibited and claimed at the hearing before the justice, although he then and there failed in whole or in part to do so. To take this

view, we think, harmonizes the case of Tate *v.* Tate with the 7th section of the statute of 1810, *supra*. In that case we have but a *per curiam* opinion. The court therein held that the defendant was not barred from exhibiting and claiming set-offs which he did not exhibit and claim before the justice. If the court had been of the opinion that the appeal was an after-suit, the defendant, not having presented set-offs at the trial before the justice, under the said act would have been barred in presenting the same in this after-suit. This decision was rendered in 1858, and at that time the jurisdiction of the justice did not exceed the sum of $100. At the trial of the case in the Court of Common Pleas, the defendant offered to prove in the way of claiming a set-off certain matters done for the plaintiff amounting to $65 or $70. Plaintiff's counsel objected. The court overruled the offer of evidence, which ruling was reversed by the Supreme Court. This ruling could have been made only by the Supreme Court then regarding the appeal as a continuance of the same action as brought before the justice and not as an after-suit, otherwise it would have been in conflict with said act.

Wherefore, we are of the opinion that the defendant in this case, although he did not appear at the hearing before the magistrate and exhibit and claim his set-off, is yet, upon appeal, permitted to do so in the Court of Common Pleas, and is within his rights to set the same up in his affidavit of defense. That the motion for judgment for want of a sufficient affidavit of defense should be overruled.

And now, June 28, 1929, upon due consideration, the motion for judgment for want of a sufficient affidavit of defense is overruled.

From Homer L. Kreider, Harrisburg, Pa.