Rzasa, Appellant, v. Jarosz et al.

Argued April 29, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. R. Sheppard,* for appellant.

No appearance was made, nor brief filed, for appellee.

OPINION BY KELLER, P. J., July 10, 1936:

Rosalia Jarosz brought an action in assumpsit before an alderman against Thaddeus Kosciuszko Beneficial Society, a corporation, to recover death benefits, collected by assessment, which she alleged were due her by reason of the death of her husband, Anton Jarosz, who was a member of said society, and obtained judgment. The defendant appealed the case to the County Court.

Wicenty Rzasa likewise claimed to be entitled to the death benefits payable by the said beneficial society on the death of Anton Jarosz, and brought suit before an

alderman and obtained judgment. The society appealed this case also to the County Court.

Thereafter the beneficial society filed its petition praying for an interpleader between Rosalia Jarosz and Wicenty Rzasa, and for leave to pay $136.50 remaining in its hands from said assessment into court.

A rule was granted, and the attorneys for both claimants having consented that it should be made absolute, it was accordingly so ordered, the money as aforesaid was paid into court and an issue framed wherein Rosalia Jarosz was plaintiff and Wicenty Rzasa was defendant. A narr, plea and plaintiff's replication were filed in the feigned issue and the case came for trial before Judge LENCHER, and by consent of the parties, in accordance with the rules of the County Court, was tried without a jury. The trial judge found in favor of the plaintiff, Rosalia Jarosz, and against the defendant, Wicenty Rzasa, and judgment was entered the same day (December 31, 1934) in accordance with said finding. A motion on behalf of the defendant in the interpleader issue, Wicenty Rzasa, to open the judgment, and for judgment in his favor on the whole record was refused by the court in banc on February 18, 1935, and no appeal having been taken from the judgment, on June 3, 1935 the court clerk was directed to pay the money paid into court to Rosalia Jarosz, which was done and the judgment was marked paid and satisfied.

Three months and sixteen days thereafter—on September 18, 1935—Wicenty Rzasa filed his petition asking the court to set aside and vacate the finding and judgment aforesaid and to dismiss the entire interpleader proceeding for want of jurisdiction. From the court's dismissal of this petition, without granting a rule, the petitioner, and defendant in the interpleader, appealed to this court.

It must be admitted that the petition for interpleader filed by the beneficial society did not comply in all respects with our ruling in Fidelity Trust Co., Admr. v. William Penn Trust Co., 110 Pa. Superior Ct. 91, 167 A. 469, and the cases cited in the opinion as supporting the decision, and contained certain defects which would have required the dismissal of the petition if either of the parties interested had objected to an interpleader issue being awarded. But these defects were not basic, jurisdictional ones, and the parties not only did not object but formally agreed and consented that the rule for an interpleader should be made absolute and that the petitioner society should have leave to pay the money in its hands, $136.50, into court. The defects in the petition for interpleader were not such as could not be waived by the parties interested, and if they were satisfied with the offer of $136.50 as the amount of the fund in the society's hands and formally assented to it and agreed that this fund should be paid into court and an interpleader issue be awarded to determine which of them was entitled to it, it did not lie in the mouth of either of them to object on that score after the money had been paid into court, and the issue tried and determined. The appellant has had his day in court. He will not be allowed at this late day, after a fair trial on the merits, to raise objections to the form of the petition for interpleader, which he might have successfully urged at the inception of the proceedings and before trial. His consent that the rule for an interpleader should be made absolute and proceeding to trial without objection constitute a waiver of defects in the petition as respects the amount of the fund in the petitioner's hands and the sum to be paid by it into court, and estop him from raising such objections after the action has been litigated and ended.

After the beneficial society took and perfected its appeals from the judgments of the respective aldermen,

they were no longer judgments against it, but only causes of action to be tried de novo: Deihm v. Snell, 119 Pa. 316, 13 A. 283; Alschuler & Weisz v. Lipkin, 84 Pa. Superior Ct. 349, 351; Gittlin v. Slovinac, 93 Pa. Superior Ct. 292, 295.

The Act of April 2, 1913, P. L. 21, p. 23, amending the Act of May 5, 1911, P. L. 198, establishing the County Court, specifically gives the court (Sec. 6 (e)) jurisdiction "in cases where money has been paid into court, or the court acquires control over specific personal property, and conflicting claims arise thereto", with the power in the court to require the parties to interplead for the purpose of determining their respective rights.

Parties may always agree to waive a jury trial in a civil action, and this may be done either expressly or impliedly in pursuance to a rule of court.

The merits of the case are not before us, for no appeal was taken within three months after the entry of judgment on the finding of the trial judge, nor within three months after the order of court refusing appellant's motion to open the judgment and for judgment in his favor on the whole record.

Order affirmed at the costs of appellant.