## Sando v. Seeley

*Peter Kanjorski*, for plaintiff.
*John A. Crisman*, for defendant.

FLANNERY, J., April 15, 1944.—Plaintiff sued before an alderman for damages caused by a collision between plaintiff's ice cream truck operated by his employe and an automobile owned and operated by defendant. There was no defense and the alderman rendered judgment in the amount of $72, together with interest and costs.

Defendant appealed to the court of common pleas and when plaintiff filed his statement of claim defendant filed an affidavit of defense and counterclaim for $88.63, for the damages to his automobile. It will be noted that the counterclaim was grounded in trespass on the case.

At the trial, plaintiff—denying the court's jurisdiction—objected to defendant's presentation of his coun-

terclaim and cross-suit. The point was reserved and both the claim and counterclaim were submitted to the jury, which gave a verdict in favor of the original defendant for $80.83. Plaintiff then filed a motion in arrest of judgment and for a new trial on the basis of the point reserved. He contends that, since the cause of action originated before a justice of the peace, the court of common pleas on appeal was limited to such jurisdiction as was had by the subordinate court and was, therefore, without authority to entertain an action in trespass on the case.

It is well settled that justices of the peace have only such jurisdiction as is given by statute; that the Act of March 20, 1810, P. L. 161, gave them jurisdiction of all causes of action arising from contract, expressed or implied, where the sum demanded was not above $100 (which was extended—except in Philadelphia—under the Act of July 7, 1879, P. L. 194, to $300) ; that the Act of March 22, 1814, P. L. 182, enlarging the jurisdiction granted by previous acts of assembly, gave to justices of the peace and aldermen jurisdiction of actions of trover and conversion and all actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate in all cases where the value of the property claimed or damaged, alleged to have been sustained, did not exceed $100 (likewise extended by the Act of July 7, 1879, supra, to $300).

But it is established by a long line of decisions that they do not have jurisdiction except in cases where the damage arose by an actual and immediate injury done to real or personal property; that none of the statutes applies to actions of trespass on the case where the injury was consequential: Paulson v. Eisenberg, 134 Pa. Superior Ct. 503. It is conceded that the counterclaim, or cross-suit, here was an action in trespass

on the case and that the magistrate did not have jurisdiction.

Under the Practice Act of May 14, 1915, P. L. 483, no provision was made for filing of a counterclaim in an action of trespass. This act was amended by the Act of April 4, 1929, P. L. 140, which provided:

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

The language of the act limits it to cases arising in negligence and the title in the act refers to the cross-suit and not to the set-off or counterclaim.

In applying that act our Supreme Court has held:

"The defendant's counter claim is merely in the nature of a cross action, permitted by the Act of April 4, 1929, P. L. 140, amending section 13 of the Act of May 14, 1915, P. L. 483 . . . The title of the act itself refers to such action permitted to the defendant, not as a set-off nor a counter-claim, but as a 'cross-suit.' The statute was obviously aimed to prevent either party involved in an accident from obtaining an undue advantage by being the first to start suit against the other and the first to bring the action to trial. It also prevents multiplicity of suits. To accomplish these purposes it should be liberally construed": Beason v. Pierce, 321 Pa. 398, 400.

It is upon the Practice Act of 1915, as amended by the Act of 1929, and the construction as given above by the Supreme Court, that defendant relies to sustain his position. And the Act of April 14, 1921, P. L. 144, sec. 1, amending the Practice Act, expressly brings appeals from a judgment of the justice of the peace or alderman within its purview.

The same question was raised before the Court of Common Pleas of Lancaster County and was decided by Schaeffer, P. J., who held that the Act of 1929 not only enlarged the procedure but conferred upon the court of common pleas, on appeal from a justice of the peace, jurisdiction to adjudicate a counterclaim or cross-suit arising in trespass on the case.

In considering the question, the court there conceded the general principle as stated in Deihm v. Snell, 119 Pa. 316, which is as follows:

"The statutes limiting and defining the jurisdiction of a justice are not left behind when a case comes into the Common Pleas by appeal, but are to be applied by the judge in the same manner as by the justice. If the justice had not jurisdiction of the cause of action or the contract or demand sought to be used as a set-off, the Common Pleas will not have it after an appeal. The forum is changed by the appeal, but the cause of action remains the same."

But the court distinguished that case on the theory that the set-off there exceeded $300 and related to the purchase money for land and was admittedly such that the justice of the peace had no jurisdiction, whereas, in the case before it, both claims arose out of one accident, as here, and negligence was alleged. There is no further effort made to distinguish the cases, and on the Act of 1929 Judge Schaeffer based his conclusion, holding not only that it authorizes a counterclaim in actions of trespass but also confers additional jurisdiction on the court of common pleas, that is, to hear on appeal a cause, a cross-suit, over which the justice, the original court, had no jurisdiction.

With this we must respectfully disagree. We are persuaded that the Act of 1915, with its amendments, was designed primarily to chart the practice and simplify the procedure and we are unwilling to conclude, by inference, that it enlarges the jurisdiction, in the absence of any affirmative language to that effect.

We are fortified in this conclusion by a recent decision of the Superior Court, in which it held:

"Plaintiffs' attorney, in his brief, says: 'Plaintiffs began their action de novo against both defendants in the common pleas.' That is not a correct statement of the law. An appeal from a judgment of a justice of the peace is not an *action de novo*. The basis of the trial in the common pleas must be the identical cause of action brought before the justice. While the *trial* is *de novo*, the cause of action must remain the same: Schneider *v.* Bates, 49 Pa. Superior Ct. 430, 432; Wade *v.* Hook, 11 Pa. Superior Ct., 54, 58. 'The statutes limiting and defining the jurisdiction of a justice are not left behind when a case comes into the Common Pleas by appeal, but are to be applied by the judge in the same manner as by the justice. If the justice had not jurisdiction of the cause of action or [of] the contract or demand sought to be used as a set-off, the Common Pleas will not have it after an appeal. The forum is changed by the appeal, but the cause of action remains the same': Deihm *v.* Snell, 119 Pa. 316, 324, 13 A. 283. If the transcript shows that the amount claimed was beyond the jurisdiction of the justice, it is fatal on appeal in the common pleas: Collins *v.* Collins, 37 Pa. 387; Wright *v.* Guy, 10 S. & R. 227; Peter *v.* Schlosser, 81 Pa. 439. So, too, at the trial of the appeal in the common pleas no claim or demand may be presented as a set-off, which was beyond the jurisdiction of the justice: Walden *v.* Berry, 48 Pa. 456; Deihm *v.* Snell, *supra;* Gittlin *v.* Slovinac, 93 Pa. Superior Ct. 292, 296; Alschuler & Weisz *v.* Lipkin, 84 Pa. Superior Ct., 349; Lyons *v.* Barnett, 79 Pa. Superior Ct., 352, 353. Neither party can change the issue: Wade *v.* Hook, supra, p. 58. The appellee cannot present in the appellate court another or different claim from that sued before the justice: Katch *v.* Benton Coal Co., 19 Pa. Superior Ct., 476, 479": Bauman v. Bittner, 152 Pa. Superior Ct., 628, 630.

It is true here again, as in the case before Judge Schaeffer, that jurisdiction was not concerned with negligence. And the amendment of 1929 to the Practice Act does not specifically mention negligence. Nevertheless, we feel, the principle prevails, and until the legislature sees fit to abolish the distinction between trespass and trespass on the case or to confer on magistrates and justices of the peace jurisdiction in the latter we must respectfully disagree with our learned contemporary and his conclusions in Duke v. Getz, 44 D. & C. 688.

Perhaps we should, in passing, refer to the Act of May 25, 1887, P. L. 271, which abolished the distinctions theretofore existing between actions ex contractu and actions ex delicto as far as relates to procedure, and to The Vehicle Code of May 1, 1929, P. L. 905, art. XII, sec. 1208, as amended, which confers upon magistrates, alderman, and justices of the peace jurisdiction in all civil actions for damages arising from the use and operation of any vehicle. Neither of these statutes enlarged the jurisdiction of the magistrate to include trespass on the case, nor does either affect the question before us: Battles v. Nesbit, 149 Pa. Superior Ct. 113.

The practical result here may leave the parties ultimately in the same position as they now are. It is probable that defendant here will institute suit on the cause of action now set out in his counterclaim, in which case Rule 213 of the Pennsylvania Rules of Civil Procedure will undoubtedly apply. That provides:

"(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay."

However that may be, our immediate concern is plaintiff's motion for a new trial and, because of the reasons above, motion allowed.