_ Per Curiam.
This, t A was an action of debt'brought by West Elliot, the plaintiff below, against Ezekiel Harker, which was submitted- to referees under the Act'of 1705. A *285 report was made in favour of the plaintiff, to which exceptions were taken by the defendant, but' overruled • by the Court below, -who approved of the award and entered judgment on it. The award is good on its face, but the defendant assigns errors, not in the award, but in the. proceedings of the referees, and their opinion on a variety of matters, principally of fact, while they were engaged in those deliberations which led to the result contained in the award. The Court of Common Pleas (the President declining to sit in the cause, because he had been counsel for one of the parties,) examined a variety of papers, and witnesses, and went fully into the merits of the case, and ordered their prothonotary to file those papers together with notes of the evidence, in order that- this Court, might know the grounds on which they founded their opinion. This is'a novel proceeding, never before heard of, though the Act.of 1705, has now been upwards of a century in operation ; and its tendency is to deprive the plaintiff of the fruits of the award, until it has been controverted on its merits in the Court-of the last resort. These papers, and this evidence, ought not to have been blended with the record, and although they have been sent up to.us,, we can-pay no regard to them. The exceptions to the award, were an appeal to the discretion of the Court of Common Pleas, just like a mption .for a new trial; and that Court was not bound by the strict rules of law, in deciding on them. It was said by the Court, in the case of Hollingsworth v. Leiper, 1 Dall. 161, “ that great latitude has always been allowed, as to the evidence which the referees may hear; the parties unassisted by counsel, are allowed to tell their own stories, their witnesses are heard without oath, unless required, and books and papers , are examined, which are not strictly legal evidence.5’ The Court, -in their discretion, will set aside the award, if the referees have formed their decision upon grounds not agreeable to law, or even where fhey have been clearly mistaken in matters of fact. But these matters are not to be re-examined in a Court of error. The case before us is a sample of what might be expected, if this writ of error were sustained. Fourteen exceptions were taken to the award, depending almost altogether on fact. So that .this Court is called upon to judge of matters of fact, and of matters of law, in which the Court below had a right -to exercise their discre *286 tion. We have several times'determined, that the granting or refuging 0f a new trial, cannot be assigned for error; and Supreme .Court of-the United .States has made thesame decision. The case before us depends on the same principle; and the Court has no hesitation in declaring its opinion, that it ought not to enter into the consideration of' the errors assigned. The judgment is therefore to be affirmed.
Judgment affirmed.