The opinion of the court was delivered by
Gibson, C. J.
Repeated decisions have established, that a new cause of action cannot be prosecuted on the appeal; and that it ought riot to appear by the writ, that the party whodiad recourse to the justice, prosecuted a cause of action riot within his jurisdiction. A set-off is undoubtedly in the nature of an action: but here the party who recovered by the award, did not bécome an actor till the cause came into the Court of Common Pleas; and as the jurisdiction of the justice was not sought by him, I can see no reason to prevent him from recovering his whole demand. He was carried before a tribunal which, by reason of the limited exterit of its jurisdiction, was incompetent to act on the subject of his defence; and for that reason, he, instead of the plaintiff, might have been compelled to resort to an appellate tribunal; and, in that case, to restrict the Court of.Common Pleas to the jurisdiction of the justice, would obviously frustrate the very intent and object of the appeal. Here the plaintiff was the appellant: and, as the defendant could not use his set-off before the justice, he must have succeeded by using sonie other defence; perhaps the plaintiff’s evidence was discredited: but there can be no reason for putting a party, who has two sufficient grounds of defence in a worse condition in the appellate court, than he who has but one. The question, therefore, is to be viewed as if the defendant'were the appel-' lant. But, if the analogy between an action and a set-off were carried out entire, it would produce no difference in the conclusion; unless it were admitted that a part of a debt sufficient to extinguish the plaintiff’s demand, might be set off before the justice, where the whole could not. Even if that were so, it would not be worth while, for the sake of an analogy, to stop short of complete'justice, or drive the defendant to a separate remedy, when it is obviously better for both parties to have all the points in contest settled at once. Simply to prevent the plaintiff from unjustly taking money out of the defendant’s pocket in the first, instance, is less than justice: he ought to be prevented also from inflicting on the defendant the delay and vexation of another suit. But the inconvenience there would be.in inquiring iri an action for the residue of the set-off, how much had already been allowed where some of the jurors or arbitrators may have agreed to sustain the defence on one ground ail'd some on another, is also worthy of consideration. Where the demand of the plaintiff should be unliquidated, or the defence of a mixed nature, much uncertainty would necessarily arise, and there would be danger of having the set-off allowed *388 twice, ot: not at all; but danger from this source would be excluded by settling the whole on the appeal. There is not the semblance of hardship in doing this and adjudging the costs to be paid by the plaintiff, whose unnecessary interference, in the first instance, was the efficient cause of their being incurred.-
Judgment affirmed.