## HOLDEN *against* WIGGINS.

In an action before a Justice of the Peace, the defendant claimed a right to off-set a demand which he had against the plaintiff, for a sum exceeding one hundred dollars; *held:* that the Justice was right in rejecting the evidence of such off-set, on the ground, that it exceeded, in amount, his jurisdiction.

Upon an appeal to the Court of Common Pleas in such case, the case having been referred to arbitrators, under the compulsitory arbitration law, the defendant offered the same evidence to the arbitrators, who made a report in favor of the plaintiff, and appended thereto this memorandum, "the defendant's claim exceeding the plaintiff's three hundred and thirty-two dollars, was excluded, as out of our jurisdiction." Upon this report judgment was entered, which was affirmed.

When, in such case, the demand of the defendant is composed of several items, he may off-set such of them as do not exceed the jurisdiction of the Justice.

Where the transcript of the Justice, from whose judgment an appeal was entered, set out the plaintiff's demand to be "ninety-eight dollars due on book account," it was held, that this was a sufficient statement of the plaintiff's claim, to sustain a judgment upon an award of arbitrators.

ERROR to the Common Pleas of *Bradford* county.

In this case, in which *Lawrence Wiggins* was plaintiff, and *Gustavus A. Holden* defendant, the transcript of the Justice, before whom the case originated, exhibited the cause of action to be "debt or demand not exceeding one hundred dollars." The parties appeared, and plaintiff demanded of defendant ninety-eight dollars, due on book account. The defendant offered to off-set a claim against the plaintiff on book account of more than one hundred dollars; after hearing the parties, and their proofs, the defendant's claim exceeding the jurisdiction of the Justice of the Peace, judgment was rendered for the plaintiff on his claim, for thirty-six dollars and twenty-seven cents, with costs, &c." The defendant appealed to the Common Pleas; and after the first term, the plaintiff, without filing any declaration or statement, other than that contained on the transcript of the Justice, entered a rule of reference, and had arbitrators appointed, who subsequently met and heard both

(Holden *v.* Wiggins.)

parties and made an award in favor of the plaintiff, for fifty-six dollars and eighty-four cents, with costs. To this report the arbitrators appended this note: "the defendant's claim exceeding the plaintiff's three hundred and thirty-two dollars, was excluded, as out of our jurisdiction." Upon this award judgment was entered, to reverse which this writ of error was sued out, and the following errors assigned:

1. No declaration or statement was filed when the rule of reference was entered. 2. The transcript of the Justice does not set out any cause of action. 3. The Justice and arbitrators refused to allow any part of defendant's set-off, because the whole together amounted to more than one hundred dollars.

Argued by the plaintiff in error in person: and by

*Williston* for defendant in error.

The opinion of the court was delivered by

KENNEDY, J.—This suit was commenced before a Justice of the Peace, by the defendant in error, against the plaintiff in error, to recover a demand which he had against him, not exceeding one hundred dollars. From the record returned of the proceedings had before the Justice, it appears that the plaintiff in error had a claim, founded upon a book account, against the defendant in error, which he produced at the time of trial before the Justice, and claimed to have it allowed and set-off. It, however, exceeded one hundred dollars, and the Justice, for that reason, believing that he could not take cognizance of it, dismissed it from his consideration, and rendered a judgment in favor of the plaintiff before him, for thirty-six dollars and twenty-seven and a half cents, besides costs of suit. From this judgment the plaintiff in error appealed, and brought the cause into the Court of Common Pleas of the county. While pending there, the plaintiff below entered a rule of arbitration, under the compulsory arbitration law, and had the cause referred to the decision of arbitrators, who, after hearing the proofs and allegations of the parties, made an award in favor of the plaintiff below, for fifty-six dollars and eighty-four cents, with costs of suit. They also appended to their report a memorandum which they signed, in the following words: "The defendant's claim exceeding the plaintiff's three hundred and thirty-two dollars, was excluded, as out of our jurisdiction."

Justices of the Peace in this State have no jurisdiction in civil cases; other than that which is expressly given to them by statute. This suit was brought before the Justice under the Act of Assembly, passed the 20th of March, 1810, which gives Justices of the Peace "jurisdiction of all causes of action arising from contract, either

(Holden *v.* Wiggins.)

express or implied, in all cases where the sum demanded is not above one hundred dollars, except in cases of real contract, where the title to lands or tenements may come in question, or action upon promise of marriage." Under the seventh section of this act, Justices are also authorized and required to take cognizance of any demand of the defendant, founded "upon bond, note, penal or single bill, written obligation, book account or damages on assumption, against the plaintiff, which shall *not exceed one hundred dollars,*" and which shall be offered by the defendant as a set-off against the plaintiff's demand. And it is thereby also declared, that if the defendant have such a demand, but refuse or neglect to set it off, he shall be forever barred from recovering it.

The first error assigned is, that the plaintiff below entered a rule of arbitration before he filed a statement of his demand. To this it may be answered, that the record of the Justice, of the proceedings had before him in the case, which he transmitted with the appeal to the Court of Common Pleas, shews that the plaintiff's demand was a book account, amounting to ninety-eight dollars, which he claimed to be due to him from the defendant. This statement, although not very explicit, as it does not appear from it what the nature of the items charged in the account was, yet is nearly as satisfactory, and affords about as much information as a declaration in *indebitatus assumpsit* would do. Take, for instance, the count for money had and received; what information does it furnish of the nature and origin of the many claims that may be given in evidence under it? A stranger to the transaction could not even form a conjecture, with any degree of certainty, of what they might consist. The claim might be for money received by the defendant, upon sales made by him of the property of the plaintiff, consisting of horses, cows, sheep, swine or articles of merchandize to A. B. C. D. &c. or different sums of money received from each of these persons, which were owing to the plaintiff by them respectively. It is considered that this statement made by the Justice, would have been deemed sufficient, in case his judgment and proceeding had been brought before the proper tribunal by writ of *certiorari* for revision, and may, therefore, be considered sufficient to supply the place of a statement, in the Court of Common Pleas, upon an appeal. Indeed it seems to be a rule of practice, in many of the county courts within the state, and among the number, is said to prevail in *Bradford* county, into which this cause was taken by appeal, to consider and adopt the transcript of the Justice, returned with the appeal, as the statement of the plaintiff's cause of action in court. Beside, it must be considered as a part of the proceedings in the cause; and the court would be bound to notice it, if the objections were made, so

(Holden *v.* Wiggins.)

far as to prevent the plaintiff, by any new statement that he might be pleased to file; from introducing a new cause of action, different from the one certified and returned by the Justice.   For all these reasons taken together, we think this assignment of error cannot prevail.

The second error is, that the transcript of the Justice does not shew any cause of action within his jurisdiction. This, from the answer given to the first error, must appear not to be tenable.   We think that it does sufficiently appear.   Indeed, I cannot at this moment think of a claim, which is properly the subject of a book account, that could not fall within the jurisdiction, given to the justices of the peace by the act already mentioned; provided it does not exceed in amount one hundred dollars.

The third and last error is, that the Justice and arbitrators refused to allow any part of defendant's-set off, because the whole together amounted to more than one hundred dollars.   Now by the express terms of the seventh section of the act already recited in part, the demand which the defendant before the Justice offered to set off against the demand of the plaintiff, must not exceed one hundred dollars; so that if the demand of the defendant below in this case, which the arbitrators state, exceeded the amount of the plaintiff's three hundred and thirty-two dollars, was entire in its nature, it was clearly without the jurisdiction of the justice, and, as I shall shew, likewise of the arbitrators.   It is evident from the spirit of this act of Assembly, as well as the express provision of it, that the Legislature did not intend or think it adviseable, to give Justices of the peace jurisdiction in any case, when the claim should, at the time of commencing the suit, exceed one hundred dollars. But if the act had been silent in limiting the amount of the claim of the defendant, which he should be permitted to set-off against the plaintiff's demand before the justice, a reasonable construction of the act must have limited it to one hundred dollars, and likewise to claims of the same nature with those for which plaintiffs are authorized to bring their suits before Justices of the peace.   For it is impossible to conceive any reason, why the legislature should not permit Justices to take cognizance of, and pass judgment upon demands of plaintiffs exceeding one hundred dollars, that does not apply at least with as much force to prevent their taking cognizance of claims of defendants, exceeding that sum, against the plaintiffs, when they are offered to be set off.   It is perfectly clear and manifest, that the legislature did not intend to give justices, in the one way or the other, jurisdiction in cases where the demand exceeded one hundred dollars, unless by the consent of the parties, which is specially provided for in the fourteenth section of the act.   Hence I conclude, that the Justice from any thing that appears upon the

(Holden *v.* Wiggins.)

record, would not have taken cognizance of, and allowed the set off that was claimed by the defendant before him.

For the same reasons I also think, that the arbitrators were precluded from investigating and deciding upon the defendant's demand against the plaintiff, before them.  For although it is declared by the fourth section of the act, that when a suit is regularly brought from a Justice of the Peace, by appeal from his judgment, to the county court of Common Pleas, and entered on the Prothonotary's docket, that "it shall from thence take grade with, and be subject to the same rules as other actions, where the parties are considered to be in court," yet this clause must receive such a construction as will render it consistent with the preceding parts of the same section, by which it is provided, that if the defendant before the Justice be the appellant, and shall succeed in procuring a reversal or an abatement of the amount of the judgment on the appeal, that he shall be entitled to recover from the plaintiff the costs of the appeal, with four dollars as a counsel fee, and fifty cents per day for every day that he shall attend upon such appeal; but to entitle the defendant to these costs, counsel fee and daily pay, he must produce no other evidence before the court on the trial of the appeal, than that which he exhibited before the Justice or referees, (if tried by referees, while pending before the Justice.)  Now it is obvious, that the Legislature intended by this provision, on the one hand, to induce and encourage the defendant to bring forward all the testimony that he had of an admissible character, and intended to rely on in any event for his defence against the plaintiff, in order that there might be a full hearing of the whole case upon its merits, before the Justice, and at the same time, to afford the plaintiff an opportunity of knowing the nature and the extent of the testimony which the defendant had to support his defence; and then upon the other hand again, to punish the plaintiff, if he should, after all this knowledge given to him, persist in demanding of the defendant more than should ultimately be found to be due to him, by making him, not only pay the costs of the appeal, but the counsel fee of four dollars, and the fifty cents per day to the defendant, for attending upon the appeal.  To carry, then, all these different provisions of the act into full effect, according to the true meaning and intention of the legislature, the parties must be bound to try the cause, after the appeal has been taken, upon the same principles, and subject to the same rules of evidence; the plaintiff being at liberty to make the same claim and the defendant the same defence and none other, than what ought or could have been lawfully made upon the trial before the Justice.  It is well understood, and has been decided upon the construction of this act, that the plaintiff can-

60

(Holden *v.* Wiggins.)

not recover in court on the appeal, upon a cause of action, that was not within the jurisdiction of the Justice of the Peace; and for the same reason must the defendant be restricted in the demands which he shall set up by way of defence, and as a set-off. See *Moore* v. *Waite*, 1 *Bin.* 219.    *Owen* v. *Shelhamer*, 3 *Bin.* 45.    *Wright* v. *Gay*, 10 *Serg. & Rawle* 227.    *Laird* v. *McConachy*, 3 *Serg. & Rawle*, 290,    *& Hinds* v. *Willis*, 13 *Serg. & Rawle.* 213.    If it were to be held otherwise, the plaintiff must necessarily be often mulked in costs after a recovery before the Justice, upon a demand, against which there was no defence that the Justice could take cognizance of, by the defendant's appealing to court; and being permitted to set up a new defence, that was not within the Justice's jurisdiction.    This I conceive is prohibited by the act.    And it appears to me that the privileges and the restrictions of the parties in this respect ought to be mutual and reciprocal.    For commencing a suit before a Justice cannot be said to be altogether a matter of election or choice with the plaintiff; he is compelled to go there, as well as the defendant, or lose his claim to costs, in case he succeeds in his suit.    If the legislature had not intended it to be so, they would and ought to have authorized a removal of the cause before trial from the Justice to the Common Pleas, where the defendant claimed a set-off for a demand exceeding one hundred dollars.    See *Boon* v. *Boon*, 17 *Serg. & Rawle*, 386.

It is possible that the plaintiff in error might have defeated the recovery of the plaintiff below, if the fact be, that his book-account, mentioned by the Justice of the Peace, and again by the arbitrators, which exceeded the amount of the plaintiff's claim, three hundred and thirty-two dollars, consisted of a series of charges, founded upon as many substantial and independent contracts made between them.    If such were the case, then I think that it was competent for the defendant, either before the Justice, or afterwards upon the appeal, before the arbitrators, to have selected one or more of such charges, growing out of separate and distinct contracts, as would have come up to one hundred dollars in the aggregate, or to any less sum that he might have found sufficient to have met the whole of the plaintiff's claim, and to have set them off against his demand, after establishing, by due proof, that he was justly entitled to them. But whether his account was made up of charges originating in this way, does not appear from the return of the Justice; nor yet from the award of the arbitrators.    This court cannot presume that it was so; nor can we, as a court of error, enquire into facts and errors not appearing upon the face of the award of the arbitrators.    See *Harker* v. *Elliott*, 7 *Serg. & Rawle*, 284.    *Thompson* v. *White*, 4 *Serg. & Rawle*, 135.    *Commonwealth* v. *La Fit*, 2 *Serg. &*

(Holden *v.* Wiggins.)

*Rawle,* 106.　The only remedy which a party can have for either errors in fact or in law, committed by arbitrators appointed and properly organized under the compulsory arbitration law of 1810, and which do not appear upon the face of their award, is by appeal, as appears by the two last cases cited.

Judgment affirmed.