## Swartz v. Capital Refrigeration, Inc. (No. 2)

Before Shughart, P. J., and Weidner, J.

*William A. Addams,* for plaintiff.
*Norman M. Yoffee,* for defendant.

WEIDNER, J., August 29, 1973.—Richard H. Swartz, plaintiff, commenced this action by filing a complaint seeking damages in the amount of $3,062.49 from Capital Refrigeration, Inc., defendant. Plaintiff filed a petition for the appointment of arbitrators in which damages in excess of $3,000 were waived, thus enabling the claim to come within the jurisdictional limits of compulsory arbitration. The claim proceeded through arbitration, resulting in a verdict in favor of plaintiff for $554.80. Defendant appealed. Plaintiff then filed and served on defendant an amended complaint seeking additional damages of $393.78, for a total of $3,456.27. Defendant objected to the allowance of the amendment at the pretrial conference. A rule to show cause why the proposed amendment should not be allowed was issued by this court on defendant.

At issue is the ability of plaintiff to file an amended complaint following an appeal by defendant from an arbitration award in favor of plaintiff. For the reasons hereinafter appearing, the answer must be and is in the affirmative, thus allowing plaintiff to so amend his complaint.

In answer to the rule to show cause why the proposed amendment should not be allowed, defendant appears to rely solely on the case of Crowell Office Equipment v. Krug, 213 Pa. Superior Ct. 261 (1968). That case involved an appeal from a justice of the peace. The

court held that a counterclaim in excess of $500 cannot be filed by a defendant in the court of common pleas after an appeal from a judgment in favor of plaintiff entered by the justice of the peace. Defendant analogizes Crowell, supra, to the factual circumstances presently confronting this court and urges us to adopt and apply its holding.

Defendant's argument cannot be accepted. Pennsylvania Rule of Civil Procedure, Justices of the Peace, 1007, "Procedure on Appeal," is controlling in this situation. Rule 1007, in part, states:

"A. The proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.

"B. The action upon appeal shall not be limited with respect to amount in controversy, joinder of causes of action or parties, counterclaims, added or changed averments."

The note to this rule specifically states:

"The former rule that the proceeding would be limited both as to jurisdiction and subject matter to the action before the justice of the peace (see Crowell Office Equipment v. Krug, 213 Pa. Super. 261, 247 A.2d 657 (1968)) has not been retained."

Being explicitly overruled, defendant cannot properly rely on Crowell, supra.

Pennsylvania Rule of Civil Procedure 1033, Amendment states:

"A party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend his pleading."

The right to amend should be, and, in fact, has been, liberally granted at any stage of the pleadings, unless there is an error of law or resulting prejudice to the

adverse party: Kilian v. Allegheny County Distributors, 409 Pa. 344, 347 (1962). This follows from a reluctance of the Pennsylvania courts to retain the old common-law proceedings whereby a litigant could lose solely on the basis of some technical pleading requirement: Bruker v. Carlisle Borough, 376 Pa. 330, 335 (1954).

In dealing with the specific issue, it has been quite decisively held that amendments are proper following an appeal from an arbitration award. See Cellutron Products Corp. v. Stewart, 223 Pa. Superior Ct. 391 (1972); Bell v. Shetrom, 214 Pa. Superior Ct. 309, 313, 314 (1969); Universal Match Corp. v. LeKape, 49 D. & C. 2d 454, 20 Bucks 56 (1970). In Cellutron, supra, the court held that a defendant may amend his counterclaim so as to change its basis after an appeal by him to the court of common pleas from an arbitration award in plaintiff's favor. The court stated that amendments are to be liberally allowed under Pa. R.C.P. 1033: Cellutron, supra, at 392. The Superior Court in Bell, supra, held that an appeal from arbitrators is de novo and there is no prohibition of an amendment to introduce new evidence or a new measure of damages. Here, plaintiffs successfully moved to amend their complaint in regard to damages after defendant appealed to the court of common pleas contesting the award made by the arbitrators to plaintiff. In Universal, supra, plaintiff was also allowed to amend the complaint under Pa. R.C.P. 1033 when defendant appealed an arbitrator's decision in favor of plaintiff.

## ORDER OF COURT

And now, August 29, 1973, for the reasons set forth in the foregoing opinion, the amendment of the complaint of Richard H. Swartz be and is hereby allowed.