**Spotts v. Campbell**

*H. William Koch,* for plaintiff.
*John P. Campana,* for defendants.

KREHEL, *P.J.,* February 27, 1980—Before the court are plaintiff's preliminary objections to defendants' counterclaim. From the pleadings and briefs of counsel we make the following:

### FINDINGS OF FACT

1. On September 7, 1976, plaintiff filed a complaint in assumpsit before District Justice Kenneth R. Fairchild and on October 8, 1976, defendants filed a cross-complaint in trespass.

2. Hearing was held by District Justice Fairchild on October 26, 1976, at which time he found for defendants on plaintiff's complaint and dismissed defendants' cross-complaint against plaintiff.

3. Plaintiff filed a timely appeal from the decision of District Justice Fairchild and filed the complaint in this action on November 16, 1976.

4. No appeal or notice of appeal was given by defendants on their cross-complaint.

5. Defendants filed an answer, new matter, and counterclaim on December 16, 1976.

6. Plaintiff filed preliminary objections to defendants' counterclaim on January 5, 1977, alleging that defendants are barred from asserting their counterclaim since they never appealed from the verdict of District Justice Fairchild. These preliminary objections are now before the court for consideration.

## DISCUSSION

Counsel for plaintiff cites the explanatory comment to Pa.R.C.P.J.P. 1004C which provides in pertinent part:

"Subdivision C permits the appellee, when there were cross-complaints in the action before the justice of the peace and the appellant appeals from the judgment on his complaint or on both complaints, to assert his claim by way of a counterclaim in the court of common pleas if the claim is cognizable as a counterclaim in that court. *However, even when this procedure is permissible, the appellee must, if he desires to use it, still give a notice of appeal under Rule 1002 . . . if he intends to appeal from the judgment on his complaint and the appellant has not appealed from the judgment,* although in such a case subdivision A of Rule 1004 will not be applicable. If the appellee can and intends to avail himself of the procedure permitted by subdivision C, he need not obey any rule to file a complaint served upon him under subdivision B." (Emphasis supplied.)

Under this rule it appears that the appellees (Campbells) must give a notice of appeal under Rule 1002 if they intend to appeal from the judgment on their complaint and appellant (Spotts) has not appealed from the judgment.

In this case, plaintiff-appellant has not appealed from the decision regarding the cross-complaint, and so it would appear that under Rule 1004C defendants-appellees were required to give a notice of appeal in order to file their counterclaim.

Counsel for defendants cites Pa.R.C.P.J.P. 1007B and the explanatory comment which states:

"B. The action upon appeal shall not be limited

with respect to amount in controversy, joinder of causes of action or parties, counter-claims, added or changed averments or otherwise because of the particulars of the action before the justice of the peace.

"As under earlier law, the proceeding on appeal is conducted de novo, but the former rule that the proceeding would be limited both as to jurisdiction and subject matter to the action before the justice of the peace (see Crowell Office Equipment v. Krug, 213 Pa. Super. 261, 247 A. 2d 657 (1968)) has not been retained. Under subdivision B, *the court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the justice of the peace, subject of course to the Rules of Civil Procedure.*" (Emphasis supplied.)

On the surface, it appears that Rule 1004 and Rule 1007 are in conflict since the comment to Rule 1007 clearly indicates that the parties may treat the case as though it had never been before the justice of the peace.

It has been held that in an appeal from the district justice, defendant may file a counterclaim, even if he has not filed it before the district justice: Taylor v. Barnhart, 5 D. & C. 3d 53 (1978).

Counsel for plaintiff would have us deny defendants the right to file a counterclaim because they failed to file an appeal from the decision of the district justice where Taylor holds that defendants may file a counterclaim even if it has not been filed before the district justice.

If the court were to decide this issue in favor of plaintiff, every defendant would be required to file a notice of appeal, even if he did not want to appeal in order to protect his right to file a counterclaim if plaintiff chose to appeal.

This court feels that the applicable law and the interests of justice require that defendants be allowed to pursue their counterclaim.

We next turn to plaintiff's motion to strike the counterclaim because defendants have alleged two causes of action for recovery, i.e., negligence, a trespass action, and breach of implied warranty, an assumpsit action.

Pa.R.C.P. 1020(d)(1) requires each cause of action to be pleaded in a separate count.

Counsel for defendants has failed to do this and the court agrees that this is a "technicality" as he states in his brief and can be easily amended to satisfy the requirements of Pa.R.C.P. 1020(d)(1).

Assuming defendants amend their counterclaim in such a manner, there should be sufficient allegations for plaintiff to determine under what theory of recovery defendants are proceeding in their counterclaim.

Accordingly, we enter the following

## ORDER

And now, February 27, 1980, for the reasons set forth in the accompanying opinion, it is ordered and directed that plaintiff's preliminary objections to defendants' counterclaim pursuant to Pa.R.C.P.J.P. 1004 are hereby dismissed.

It is further ordered and directed that plaintiff's motion to strike is hereby granted.

Defendants shall have 20 days from this date to file an amended counterclaim to satisfy the requirements of Pa.R.C.P. 1020(d)(1) setting forth their causes of action in separate counts.

It is further ordered and directed that plaintiff's demurrer to the counterclaim for failing to make out a cause of action is hereby denied.