J-S11044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

JAMES McCARTHY AND NICOLE McCARTHY, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
Appellants :
:
v. :
:
CRAIG RIDDELL AND RUTH RIDDELL : No. 2260 EDA 2015

Appeal from the Order July 1, 2015
in the Court of Common Pleas of Bucks County,
Civil Division, No(s): 2014-07872

BEFORE: FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 29, 2016**

James McCarthy and Nicole McCarthy ("the McCarthys") appeal from

the Order granting the Petition to Open and/or Strike the Judgment

(hereinafter "the Petition to Open/Strike") filed by Craig Riddell and Ruth

Riddell ("the Riddells"), and striking the McCarthys' appeal. We vacate the

Order and remand for further proceedings.

The trial court set forth the relevant procedural history underlying this

appeal as follows:

> [The McCarthys] filed suit against [the Riddells] in the Court of
> Common Pleas of Montgomery County, Magisterial District 38-1-
> 14, located in Hatboro, Montgomery County. The McCarthy[s]
> brought the case to resolve a dispute regarding a security
> deposit under a residential lease between the parties.[1]
> Specifically, the McCarthy[s] claimed that the Riddells failed to

---

[1] The leasehold property (hereinafter "the Property") is located in Hatboro,
Montgomery County. The Riddells leased the Property to the McCarthys, and
required them to pay a security deposit of $2,140 to secure the lease. At all
relevant times, the Riddells resided in Bucks County.

[(1) return the McCarthys' security deposit; or (2)] provide the McCarthy[s] with a written list of any damages to the [Property] for which the Riddells may hold the McCarthy[s] liable and withhold their security deposit.

On October 15, 2014, a hearing was held before a [Magisterial] District Ju[dge] in Montgomery County[, the Honorable Paul Leo ("MDJ Leo")]. After the October 15, 2014 hearing, [MDJ Leo] entered judgment in favor of the McCarthy[s] and against [the] Riddells in the amount of … $2,285.75[].

The McCarthy[s] never filed a Notice of Appeal to the Court of Common Pleas in Montgomery County. Instead, on November 13, 2014, the McCarthy[s] filed a Notice of Appeal *in the Court of Common Pleas of Bucks County*.

Trial Court Opinion, 9/15/15, at 1-2 (footnote and emphasis added; footnote citations to record omitted).

On November 20, 2014, the McCarthys filed a *de novo* Complaint (hereinafter, "the *de novo* Complaint") in the *Bucks County* Court of Common Pleas.[2] Importantly, the Riddells did not file an answer or preliminary objections to the *de novo* Complaint.

Based upon the Riddells' failure to respond to the *de novo* Complaint, on December 29, 2014, the McCarthys gave the Riddells Notice of Intent to enter a default judgment (hereinafter, "the 10-day Notice").[3] On February

---

[2] Though the *de novo* Complaint was filed on November 20, 2014, the McCarthys' counsel did not file an Affidavit of Service until December 20, 2014. The Affidavit of Service asserted that, on December 9, 2014, the Riddells were served, at their last known residence in Bucks County, with a copy of the *de novo* Complaint via certified mail.

[3] Though the 10-day Notice is contained in the certified record, it was not entered on the trial court's docket. As we discuss below, the Riddells asserted that they never received the 10-day Notice.

27, 2015, the McCarthys filed a Praecipe to enter default judgment ("the Praecipe"),[4] based upon the Riddells' failure to respond to the *de novo* Complaint or the 10-day Notice. On March 9, 2015, the Bucks County prothonotary entered a default judgment against the Riddells in the amount of $9,920.00. Also on that date, the prothonotary mailed the Riddells a Notice of entry of judgment, pursuant to Pa.R.C.P. 236 (hereinafter, "the Rule 236 Notice").

On March 24, 2015, the Riddells filed the Petition to Open/Strike the judgment entered in Bucks County. The Riddells asserted, *inter alia*, that the judgment could not stand because the Bucks County Court of Common Pleas lacked jurisdiction over the appeal. The Riddells asserted that, since the McCarthys had filed their initial Complaint before MDJ Leo in Montgomery County, any appeal of MDJ Leo's judgment must therefore be filed in the Montgomery County Court of Common Pleas. Additionally, the Riddells averred that they "never received a ten[-]day notice of intention to take default judgment[, *i.e.*, the 10-day Notice,] as certified by [the McCarthys'] counsel[,]" and that the Riddells "did not become aware that [the McCarthys] intended to or did enter default judgment by praecipe until they received the Rule 236 Notice following March 9, 2015." Petition to Open/Strike, 3/24/15, at ¶¶ 9-10 (some capitalization omitted).

---

[4] The Praecipe was not entered on the docket until March 9, 2015. Additionally, the Praecipe included a certification that the McCarthys had served the Riddells with the 10-day Notice, at least ten days prior to the filing of the Praecipe.

- 3 -

On March 26, 2015, the trial court issued a Rule upon the McCarthys to show cause why the Petition to Open/Strike should not be granted. The McCarthys timely filed a responsive Memorandum, after which the Riddells filed a Memorandum of Law in support of their Petition to Open/Strike.

On July 1, 2015, the trial court issued an Order stating that upon consideration of the Petition to Open/Strike, the "McCarthy[s'] appeal to the Bucks County Court of Common Pleas is stricken in its entirety." Order, 7/1/15 (some capitalization omitted).[5] The McCarthys timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The trial court then issued an Opinion.

The McCarthys now present the following issues for our review:

   I.   Whether [the McCarthys'] appeal from Magisterial District Court was timely filed[?]

  II.   Whether venue is proper in Bucks County[?]

 III.   Whether the proceeding on appeal shall be conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the Court of Common Pleas[?]

 IV.   Whether [the Riddells] waived the issue of venue[?]

  V.   Whether, if there is a county of proper venue within the state, the action shall not be stricken[,] but shall be transferred to the appropriate court of that county[?]

 VI.   Whether [the Riddells] fail to raise a valid defense[?]

Brief for Appellants at 3-4 (emphasis and capitalization omitted).

---

[5] Though the July 1, 2015 Order did not specifically so state, it implicitly struck off the default judgment entered against the Riddells.

Our standard of review of an order granting a petition to open/strike is well-settled:

> A petition to strike a judgment raises a question of law and relief thereon will only be granted if a fatal defect appears on the face of the record. Alternatively, a petition to open rests within the discretion of the trial court, and may be granted if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury. The decision of the trial court on a petition to strike or open judgment will not be disturbed unless there is an error of law or a manifest abuse of discretion.

*Rait P'ship, L.P. v. E Pointe Props. I, Ltd.*, 957 A.2d 1275, 1277 (Pa. Super. 2008) (citations omitted); *see also Northern Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 28 (Pa. Super. 2015).

The McCarthys first argue that the trial court erred in ruling that their appeal from MDJ Leo's judgment was untimely under the Rules of Civil Procedure for Magisterial District Judges (hereinafter "MDJ Civil Rules"). *See* Brief for Appellants at 13-14. We agree.

MDJ Civil Rule 1002, which governs the time and method of appeal from rulings made by a magisterial district judge, provides, in relevant part, as follows:

> A party aggrieved by a judgment for money, or a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal therefrom within thirty (30) days after the date of the entry of judgment by filing with the prothonotary of the court of common pleas a notice of appeal …, together with a copy of the Notice of Judgment issued by the magisterial district judge. …

Pa.R.C.P.M.D.J. 1002(A). Rule 1002(B) governs the time and method of appeal from a "judgment for the delivery of possession of real property arising out of a residential lease[,]" and provides for a ten-day period for appeals to the court of common pleas. Pa.R.C.P.M.D.J. 1002(B).

In the instant case, the trial court ruled that the ten-day appeal period of Rule 1002(B) applied, stating

> [t]he McCarthy[s'] filing of their appeal was not timely. As stated, this [lawsuit] arises from a dispute over the [McCarthys'] security deposit [concerning] a residential lease. [] Thus, the McCarthy[s] had ten days to file their notice of appeal. [Pa.R.C.P.M.D.J. 1002(B).] The McCarthy[s'] hearing on their [initial C]omplaint, and [the judgment issued] therefrom, occurred on October 15, 2014[,] in the Magisterial District Court of Montgomery County. The McCarthy[s] then filed their appeal on November 13, 2014[, 29 days after the entry of judgment,] in the Court of Common Pleas [of] Bucks County. Thus, under [MDJ Civil] Rule 1002(B), the McCarthy[s] failed to file a timely appeal within the ten[-]day timeframe prescribed by [Rule 1002(B)].

Trial Court Opinion, 9/15/15, at 4-5 (footnote citations reformatted to appear in body).

The trial court overlooked the language in Rule 1002(B) providing that "[a] party aggrieved by a judgment for the delivery of **possession of real property** arising out of a residential lease may appeal therefrom within ten (10) days after the date of the entry of judgment …." Pa.R.C.P.M.D.J. 1002(B) (emphasis added). The judgment against the Riddells did not concern possession of the Property, but rather, the McCarthys' money security deposit. Therefore, the instant appeal is taken from a judgment for

- 6 -

money, and the thirty-day appeal period provided for in MDJ Civil Rule 1002(A) applies. ***See*** Pa.R.C.P.M.D.J. 1002(A) (providing for a thirty-day appeal period for "[a] party aggrieved by a judgment for money …."). The McCarthys timely filed their Notice of Appeal within thirty days.

Next, the McCarthys challenge the trial court's ruling that the Bucks County Court of Common Pleas was not the proper forum for the appeal because the McCarthys had filed their initial Complaint in Montgomery County, and any appeal of MDJ Leo's judgment should have been filed in the Montgomery County Court of Common Pleas. ***See*** Brief for Appellants at 14-15.

The trial court addressed this claim as follows:

> … Under [MDJ Civil] Rule 1001(2), an "appeal" is defined as "an appeal from a judgment to the court of common pleas." [Pa.R.C.P.M.D.J. 1001(2).] Further, pursuant to Rule 1001(5), the "court of common pleas" is defined as "the court of common pleas of the judicial district ***in which is located the magisterial district wherein the questioned action of the magisterial district judge took place***." [Pa.R.C.P.M.D.J. 1001(5) (emphasis added by trial court).] Thus, when reading Rule 1001 in conjunction with Rule 1002, it is clear that an appeal from a magisterial court must be filed in the same county in which [the] magisterial case took place. [***See*** Pa.R.C.P.M.D.J. 1002(A) (providing that an aggrieved party "may appeal [] within thirty (30) days after the date of the entry of judgment by filing with the prothonotary of the court of common pleas a notice of appeal ….").]
>
> Here, Bucks County was not the proper venue for the McCarthy[s'] appeal ….
>
> The McCarthy[s] filed their initial [C]omplaint in a Magisterial District Court in Montgomery County. Therefore, pursuant to [MDJ Civil] Rules 1001 and 1002[], the McCarthy[s]

- 7 -

were to file their appeal in "the court of common pleas of the judicial district in which is located the magisterial district wherein the questioned action of the magisterial district judge took place." [Pa.R.C.P.M.D.J. 1001(5).] As stated, that initial case took place in Montgomery County. Thus, the McCarthy[s] were to file their appeal in Montgomery County. Therefore, their appeal to Bucks County was improper because Bucks County was not the proper venue for their appeal.

Trial Court Opinion, 9/15/15, at 4 (footnote citations reformatted to appear in body). We agree with the trial court's analysis, and likewise determine that the McCarthys filed their *de novo* appeal in an improper venue. However, improper venue can be waived, which we address below in the McCarthys' related third and fourth issues.

The McCarthys argue that (1) the matter of venue in civil actions in *de novo* appeals to the Court of Common Pleas is governed by the Pennsylvania Rules of Civil Procedure, pursuant to MDJ Civil Rule 1007; and (2) under the Pennsylvania Rules of Civil Procedure, the Riddells waived any challenge to improper venue by failing to file preliminary objections. ***See*** Brief for Appellants at 15-16. We agree.

MDJ Civil Rule 1007 provides, in relevant part, as follows:

**Rule 1007. Procedure on Appeal**

A. The proceeding on appeal shall be conducted *de novo* **in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas**.

B. Except as otherwise provided in subdivision C, the action upon appeal may not be limited with respect to amount in controversy, joinder of causes of action or parties, counterclaims, added or changed averments or otherwise

- 8 -

because of the particulars of the action before the magisterial district judge.

* * *

> *Note:* As under earlier law, the proceeding on appeal is conducted *de novo*, but the former rule that the proceeding would be limited both as to jurisdiction and subject matter to the action before the magisterial district judge (**see Crowell Office Equipment v. Krug**, 213 Pa. Super. 261, 247 A.2d 657 (1968)[),] has not been retained. Under subdivision B, the court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the magisterial district judge, subject of course to the Rules of Civil Procedure. …

Pa.R.C.P.M.D.J. 1007 (emphasis added); **see also Gladstone Partners, LP v. Overland Enter.**, 950 A.2d 1011, 1014 (Pa. Super. 2008) (stating that "[i]n Pennsylvania, the purpose of an appeal *de novo* is to give a litigant a new trial without reference to the record established in the minor court …."). Here, under MDJ Civil Rule 1007, when the McCarthys filed their *de novo* appeal in the Court of Common Pleas of Bucks County (albeit an improper venue), "the [Pennsylvania] Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas" applied. Pa.R.C.P.M.D.J. 1007(A).

Pennsylvania Rule of Civil Procedure 1006, which governs venue, provides, in relevant part, that "[i]mproper venue shall be raised by preliminary objection[,] and if not so raised shall be waived …." Pa.R.C.P. 1006(e); **see also Zappala v. Brandolini Prop. Mgmt.**, 909 A.2d 1272, 1281 (Pa. 2006). Pennsylvania Rule of Civil Procedure 1028, which concerns

- 9 -

preliminary objections, specifically includes "improper venue," and requires all preliminary objections to be raised at once and within twenty days of service of the preceding pleading. Pa.R.C.P. 1026(a); *see also Zappala*, 909 A.2d at 1281.

The Riddells never filed preliminary objections to the *de novo* Complaint,[6] and they therefore waived any challenge to the improper venue. *See* Pa.R.C.P. 1006(e). Accordingly, the trial court's Order striking the appeal based on improper venue cannot stand.

Nevertheless, there remains an additional matter that the trial court should have addressed in ruling on the Petition to Open/Strike. The Riddells assert that, contrary to the McCarthys' certification, the Riddells never received the 10-day Notice. *See* Petition to Open/Strike, 3/24/15, at ¶¶ 9-10; Brief for Appellees at 5, 13. Moreover, the Riddells argued in the Petition to Open/Strike that they met all of the requirements to have the default judgment opened. *See* Petition to Open/Strike, 3/24/15, at ¶¶ 12-18; *see also* Memorandum of Law in Support of Petition to Open/Strike, 4/22/15, at 7-10. However, the trial court did not rule on these matters when it ordered that the McCarthys' *de novo* appeal be "stricken in its entirety." Thus, we deem it necessary to remand for consideration of these matters.

---

[6] The Riddells do not dispute that they were served with the *de novo* Complaint.

Accordingly, we vacate the Order striking the appeal and remand the case to the Bucks County Court of Common Pleas.[7]  On remand, we direct the trial court to address whether the Riddells have established the criteria for opening the default judgment, and to conduct further proceedings as may be necessary.  **See, e.g., Stabley v. Great Atl. & Pac. Tea Co.**, 89 A.3d 715, 719 (Pa. Super. 2014) (setting forth the three elements that a party seeking to open a default judgment must establish, and noting that a petition to open a default judgment is addressed to the equitable powers of the court).[8]

Order vacated.  Case remanded for further proceedings consistent with this Memorandum.  Superior Court jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016

---

[7] In light of our disposition, we need not address the McCarthys' remaining issues on appeal.

[8] The trial court shall determine, *inter alia*, whether the Riddells were served with the 10-day Notice and the *de novo* Complaint, as well as whether "(1) the [P]etition to [O]pen[/S]trike was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim." **Stabley**, 89 A.3d at 719 (citation omitted).

- 11 -